IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MILLER BOAT LINE, INC.<br>P.O. Box 239<br>Put-in-Bay, OH  43456,<br><br>                              Plaintiff,<br><br>vs.<br><br>ELLIOTT BAY DESIGN GROUP, LLC<br>5305 Shilshole Avenue, NW<br>Suite 100<br>Seattle, WA  98107,<br><br>                              Defendant. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR RECOVERY OF MONEY**<br><br>(JURY DEMAND ENDORSED HEREON) |

Plaintiff Miller Boat Line, Inc. ("Miller") for its Complaint for recovery of money against Defendant Elliott Bay Design Group, LLC ("Elliott Bay") states as follows:

**INTRODUCTION**

1. Plaintiff Miller is a business incorporated in the State of Ohio with its principal place of business in Ottawa County, Ohio.  It is in the business of, among other things, providing ferry boat services between Port Clinton, Ohio and Put-in-Bay, Ohio.

2. Defendant Elliott Bay is an architectural and engineering services business incorporated in the State of Delaware with its principal place of business in King County, Washington.  It holds itself out as providing architectural and engineering services to the Marine industry.

3. Jurisdiction and venue are proper before this Court because the contract documents entered into between Plaintiff Miller and Defendant Elliott Bay provide for this dispute to be

18484289 _1

decided in this Court, both parties having agreed to the jurisdiction and venue hereof, and as a result of the diversity of citizenship of the parties.

## FACTS

4. On or about November 1, 2017, Plaintiff Miller and Defendant Elliott Bay entered into a contract whereby Defendant Elliott Bay was to provide certain naval architecture and marine engineering services for the design of a new 140 foot long ferry boat (the "Vessel"), to operate in Lake Erie primarily in Ottawa County, Ohio between Port Clinton, Ohio and Put-in-Bay, Ohio. The specific tasks to be undertaken by Defendant Elliott Bay are set forth in the contract document attached hereto as Exhibit A.

5. On or about July 6, 2018, Plaintiff Miller and Defendant Elliott Bay entered into a second contract for further design and engineering development of the Vessel in which Defendant Elliott Bay was to undertake the development of plans and specifications sufficient to obtain United States Coast Guard review and approval. A copy of this contract document is attached hereto as Exhibit B.

6. The construction contractor engaged by Plaintiff Miller to build the Vessel was Fraser Shipyards, Inc. of Superior, Wisconsin ("Fraser"). Fraser, in turn, entered into its own contracts with Defendant Elliott Bay for certain design and engineering services associated with the work to be undertaken by Fraser. Copies of these contracts are attached hereto as Exhibits C and D.

7. On or about November 30, 2021, Fraser assigned all of its rights in the contracts referred to in Paragraph 6 above, to Plaintiff Miller giving Plaintiff Miller the right to enforce any and all claims of Fraser against Defendant Elliott Bay.

8. The Vessel to be designed and engineered by Defendant Elliott Bay is an approximately 140 foot multi-level vessel capable of transporting up to 600 passengers and 28 vehicles primarily between Port Clinton, Ohio and Put-in-Bay, Ohio. It is named the "Mary Ann Market" after one of the original founders of Plaintiff Miller.

9. For the design and engineering services undertaken by Defendant Elliott Bay, Plaintiff Miller paid a sum in excess of $550,000.00 for the services set forth in the contracts between the parties. Fraser paid Defendant Elliott Bay a sum in excess of $600,000.00 for its services. To date, Plaintiff Miller and Fraser have received no or very little value for the services paid.

10. The design and engineering work undertaken by Defendant Elliott Bay included the obligations to meet all regulatory requirements of governmental authorities having jurisdiction over passenger vessels traveling Lake Erie including but not limited to the United States Coast Guard and the obligation to design a Vessel according to good industry standards for its intended purpose.

11. The original intent was that Defendant Elliott Bay would prepare preliminary design plans for review and approval, revise such plans and then revise as necessary to proceed with construction drawings which would include specific design and engineering services necessary for the production and construction of the Vessel.

12. The intent was that Fraser would build the Vessel based on the plans and specifications of Defendant Elliott Bay and that Fraser would also employ Defendant Elliott Bay to undertake additional specific engineering work in order to complete the construction of the Vessel.

13. Design and engineering by Defendant Elliott Bay was to commence in late 2017 with the construction of the Vessel to be completed no later than mid-September, 2019.

14. Due to numerous errors and omissions, negligence, failures to perform and breaches of its contractual duties, Defendant Elliott Bay failed to properly design and engineer the Vessel suitable for its intended purpose and in compliance with regulatory requirements of among others, the United States Coast Guard.

15. Defendant Elliott Bay's breaches and misconduct have caused Plaintiff Miller to incur additional costs and expenses in an amount still be determined but in excess in of $2,000,000.00. It is further anticipated that the Vessel may not be seaworthy as a result of Defendant Elliott Bay's actions which would result in losses and damages to Plaintiff Miller in excess of $8,000,000.00.

16. Further, Defendant Elliott Bay failed to properly provide design and engineering services to Fraser pursuant to the contract entered into between Fraser and Defendant Elliott Bay. Such errors and omissions, negligence, failures to perform and breaches of its contractual duties caused Fraser to incur costs in a presently unknown amount but estimated to be in excess of $500,000.00, constituting a claim by Fraser against Defendant Elliott Bay.

17. The claims of Fraser referred to in Paragraph 16 above have been properly assigned to Plaintiff Miller.

18. Among the many design errors and omissions, failures to perform and/or breaches of contractual duties caused by Defendant Elliott Bay are as follows:

    a. Defendant Elliott Bay failed to properly design the hull and propeller systems of the Vessel causing significant Vessel-wide vibrations.

      b.      Defendant Elliott Bay failed to design a proper hull to the Vessel for its intended purpose as an all-season passenger vessel, causing severe shudder and bounce to the Vessel.

      c.      Defendant Elliott Bay failed to properly design and engineer the passenger and bridge deck structures of the Vessel properly, resulting in a frequent vibration and bounce to upper decks that is improper, intolerable and unsafe.

      d.      Defendant Elliott Bay failed to design and engineer the engine room outboard hull longitudinal girders to U.S. Coast Guard and industry standards.

      e.      Defendant Elliott Bay failed to submit for U.S. Coast Guard review, the engine room outboard hull longitudinal girders scantling structural strength calculations.

      f.      Defendant Elliott Bay failed to design and engineer the drivetrains of the Vessel to operate at proper revolutions per minute.

      g.      Defendant Elliott Bay failed to design and engineer the Vessel to meet the regulatory requirements of the U.S. Coast Guard.

      h.      Defendant Elliott Bay failed to design and engineer the Vessel properly causing an unacceptable and uncomfortable list to the Vessel.

19.      All of the design errors, omissions, failures to perform and breaches of contractual duties as set forth above have occurred within the past 12 months and/or otherwise have become known to Plaintiff Miller within the past 12 months as the majority of the design services complained about occurred since and/or became known within the past 12 months. Defendant Elliott Bay continued to provide design and engineering services up to and until April, 2022. Many

of the problems complained about did not become known nor could have become known until April, 2022 or later.

20. As a result of Defendant Elliott Bay's errors and omissions, negligence, failures to perform and breaches of its contractual duties, the Vessel has had to be re-designed and re-engineered by Plaintiff Miller at a cost presently unknown but in excess of $25,000.00.

21. As a result of Defendant Elliott Bay's errors and omissions, negligence, failure to perform and breach of its contractual duties, the production and re-construction of the Vessel has been delayed to a present anticipated date of August, 2022, over one year later than the first builder's trials.

22. As a result of Defendant Elliott Bay's errors and omissions, negligence, failure to perform and breaches of its contractual duties, Plaintiff Miller has incurred significant costs to temporarily house and protect the Vessel, repair the Vessel, re-design and re-engineer the Vessel as well as transport the Vessel to a new shipyard, all in amounts estimated to exceed $2,000,000.00.

23. As a result of Defendant Elliott Bay's errors and omissions, negligence, failure to perform and breaches of its contractual duties, Plaintiff Miller has lost significant income revenue not having the boat operational to transport passengers and vehicles from July, 2021 to present.

24. As a result of Defendant Elliott Bay's errors and omissions, negligence, failure to perform and breaches of its contractual duties, Plaintiff Miller has lost significant amounts in the form of the time-value of money by reason of the delayed receipt of the Vessel.

## COUNT I - BREACHES OF CONTRACT

25. Plaintiff Miller incorporates the allegations set forth in Paragraphs 1 through 24 of its Complaint as if fully rewritten herein.

26. Defendant Elliott Bay has breached the contracts identified as Exhibits A, B, C and D hereof by its failures to properly design and engineer the Vessel, as well as failure to provide proper design and engineering services to Fraser, all of which have caused losses and damages to Plaintiff Miller in an amount currently unknown but estimated to be in excess of the amounts as set forth above.

## COUNT II – NEGLIGENCE

27. Plaintiff Miller incorporates the allegations set forth in Paragraphs 1 through 26 of its Complaint as if fully rewritten herein.

28. The errors, omissions, failures to perform and breaches of its contractual duties constitute, in whole or in part, negligent conduct by Defendant Elliott Bay which have caused the damages sustained by Plaintiff Miller and Fraser as set forth above. Further, Defendant Elliott Bay's negligent conduct has caused resulting property damage to Plaintiff Miller in an amount currently unknown but in excess of $25,000.00.

## COUNT III – BREACHES OF EXPRESS WARRANTIES

29. Plaintiff Miller incorporates the allegations set forth in Paragraphs 1 through 28 of its Complaint as if fully rewritten herein.

30. Set forth in the contract documents are specific warranties related to the design and engineering undertaken by Defendant Elliott Bay which if followed would result in a vessel fit for its intended purpose. Defendant Elliott Bay further warranted that the design and engineering undertaken by it would comport with all regulatory requirements of government agencies including but not limited to the United States Coast Guard, and that the design and engineering upon completion would result in the production and construction of a seaworthy vessel. Defendant

Elliott Bay has beached each and every one of these express warranties causing damages to Plaintiff Miller.

## COUNT IV – BREACHES OF IMPLIED WARRANTIES

31. Plaintiff Miller incorporates the allegations set forth in Paragraphs 1 through 30 of its Complaint as if fully rewritten herein.

32. In addition to the express warranties set forth in the contract documents, Defendant Elliott Bay impliedly warranted that the design and engineering of the Vessel would be suitable for the production and construction of the Vessel.  Defendant Elliott Bay's conduct fails to meet these implied warranties.  As a result of the breaches of any and all implied warranties, Plaintiff Miller has been damaged in the amounts set forth above.

WHEREFORE, Plaintiff Miller Boat Line, Inc. demands judgment against Defendant Elliott Bay Design Group, LLC in an amount currently unknown, as outlined above, but known to be in excess of $25,000.00 as set forth above; as well as for its costs, attorney's fees and all such other relief to which it is entitled to at law or at equity.

Respectfully submitted,

*/s/ Thomas L. Rosenberg*
Thomas L. Rosenberg (0024898)
trosenberg@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, OH  43215
Telephone  614.463.9770
Facsimile  614.463.9792

*Attorney for Plaintiff Miller Boat Line, Inc.*

## **JURY DEMAND ENDORSED HEREON**

Plaintiff Miller Boat Line, Inc. demands a trial by jury.

                                          Respectfully submitted,

                                          */s/ Thomas L. Rosenberg*
                                          Thomas L. Rosenberg (0024898)
                                          trosenberg@ralaw.com
                                          Roetzel & Andress, LPA
                                          41 South High Street
                                          Huntington Center, 21st Floor
                                          Columbus, OH  43215
                                          Telephone  614.463.9770
                                          Facsimile  614.463.9792

                                          *Attorney for Plaintiff Miller Boat Line, Inc.*

18484289 _1